Freeman, J.,
delivered the opinion of the Court.
This is a petition against Samuel it. Glenn and his sureties, on his bond as administrator, filed in the County Court of White county, under sections 2312, 2313 of the Code, to compel payment of a distributive share of the estate of W. J. Glenn, dec’d, the said Mary Stewart being one of his distributees.
It appears from the petition and answer, that defendant, Samuel K,. Glenn, had been appointed administrator on the 3rd day of June, 1861; that he had made a settlement of his accounts as administrator on the 3rd day of April, 1863, by which he showed in his hands, as administrator, the sum of $600.65; and that complainants, in right of the said Mary, was entitled to oue-sixth of said sum.
The answer admits all these allegations, but insists that he had offered to settle, or sent the parties word that he would settle, provided they would take in a note for property bought at the sale by Thos. Stewart, of $25. It also claims that Stewart asserted a debt against the estate for attention and services rendered his intestate, of $81, which he proposed to settle, but that no settlement was ever had; that Stewart had since sued for said amount, and at January Term of the Circuit Court, 1866, had recovered a judgment for $100.97, and that he had been compelled to pay $20 attorney’s fees in defending said suit. He also claims that there was a mistake of $18 against himself in the settlement. He therefore insists that he has not properly in his hands the sum of $600.65, as charged. He closes by insisting that he had deposited *583 tbe $25 note witb the Clerk of the County Court, and the balance then supposed to be due complainants in the office of the County Court Clerk, in such funds as could be collected at the time, and that this is a payment to complainants. He also objects to the petition for want of proper parties.
The County Court dismissed this petition, for what cause we can not see from the decree, and complainants appealed.
In this we think there was error, as it clearly appears that complainants are entitled to a distributive share, that the administration has been granted more than two years, and that there is a fund to be distributed from' the settlement made by the administrator, and from the whole case that the assets-of the estate are more than sufficient to pay debts, charges, etc., on the same.
There is nothing in the claim that the $25 note should be allowed as a credit on the share of the wife. This was a debt of the husband’s, not the wife. She, as a married woman, could not have contracted any legal liability which could have been enforced against her. The administrator should collect this sum from the husband.
The payment into the hands of the County Court Clerk could amount to nothing as a change of liability for the distributive share. ' It was the duty of the administrator to pay over the distributive shares to the parties entitled, immediately after his settlement: Code 2311.
As to the judgment subsequently recovered against the administrator, he will, on taking the account, be entitled to a credit for the amount, if he presents vouchers showing he has paid it.
*584 We think, however, that the proper parties are not before the court in this case.
The Code, sec. 2334, provides: “The proceedings under such application, shall be conducted as other equitable actions.” In taking the account in order to ascertain the amount due to complainants under this requirement, we think the other distributees were necessary parties.
As we can see conrplainants have a clear right in this case, we reverse the decree of the County Court, and remand the cause, with directions to make the other dis-tributees parties, and to take the account as.between the administrator and distributees, in accordance with the views expressed in this opinion.
The costs of this court will be paid by the defendants.